CASE 86—PETITION EQUITY—FEBRUARY 23.

# Miller, &c., v. Craig.

· 83  623
e102  47

APPEAL FROM. MARION CIRCUIT COURT.

WHERE THERE HAS BEEN A MISTAKE AS TO THE QUANTITY OF LAND·
SOLD AT A JUDICIAL SALE, the Chancellor will in a subsequent
action afford relief, if the mistake be such that relief would be
granted if the sale had been a private one.

The appellee purchased at judicial sale a tract of land supposed to.
contain forty acres, when in fact it contained one hundred and twen-
ty-eight acres.   The land was sold to pay the debts of a decedent,
and all the debts having been paid, appellants as heirs-at-law seek
to recover the excess of eighty-eight acres, or to compel appellee to
pay therefor at the rate of his bid.

*Held*—That appellants are entitled to recover, and the lower
court ·should render judgment giving appellee the right to elect
on which side of the tract he will have forty acres laid off, or
to take the whole tract, paying for the excess at the rate of his.
bid.

ROUNTREE AND LISLE FOR APPELLANTS.

The record shows clearly a mistake of fact in that the parties supposed·
the tract of land sold contained but forty acres, whereas it in fact
contained one hundred and twenty-eight acres.   Equity should
relieve against such a mistake.   (Hardeman v. Sanders, 5 Ky. Law
Rep., 860; Coger's Ex'r v. McGee, 2 Bibb., 323; Buck v. Holloway's
Heirs, 2 J. J. M., 165; Wiley v. Fitzpatrick, 3 J. J. M., 584; Whit-
ney v. Whitney, 5 Dana, 330; Cosby's Heirs v. Wickliffe, 12 B. M.,
204; Worley v. Tuggle, 4 Bush, 168; Mattingley v. Speak, *Ibid.,*
316.)

FINLEY SHUCK FOR APPELLEE.

1. The land was sold for forty acres "more or less," and, therefore,
appellee bought, and is entitled to hold all the land contained in the.
boundary sold.

2. The plaintiffs in the suit in which the sale was made, to which the
plaintiffs in this suit were parties, had the sale confirmed and the
deed made, and accepted the money for the land before this suit was
brought. That suit is off the docket, and the plaintiffs in this action
are estopped by the proceedings in that suit from questioning ap-
pellee's title to the land therein conveyed. (Dawson v. Litsey, 10
Bush, 411; 1 Met., 284; McGowan v. Pennebaker, 3 Met., 502;
Carpenter v. Strother, 16 B. M., 295.)

3. There is no evidence to show that there is more land in the tract
described by the deed than forty acres.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellants brought this action to recover of appel-
lee eighty-eight acres of land, an alleged surplus or
excess of a tract purchased by appellee at a judicial
sale, which was supposed to contain but forty acres,
or to compel him to pay therefor at the rate of two
dollars per acre, the price bid by him.

It seems that in an action to settle the estate of
Jane P. Massengale, deceased, all her real estate was
adjudged to be sold, and the balance of the pro-
ceeds, after payment of debts, paid over to appel-
lants, who are her heirs-at-law.

The lands were, previous to the sale, which took
place in 1878, surveyed and laid off into lots, and
the lot purchased by appellee was reported by the
surveyor to contain forty acres; but he did not sur-
vey the entire boundary for want of title papers,
although it is described in the report as if surveyed.

The testimony of the witnesses who were present
at the sale is somewhat conflicting as to whether the
lot in question was bid for and purchased by appel-
lee in gross or by the acre; but the commissioner
who made the sale stated in his report that appellee
became the purchaser of the forty-acre tract of knob

land at his bid, eighty dollars, for which he gave bond.

The report of the sale was subsequently confirmed, but the purchase money was not fully paid by appellee, nor the commissioner's deed made to him until 1881, however, before this action was commenced.

It seems that in 1879, after the confirmation of the sale, but before the deed was made, appellants caused the lot to be again surveyed, and offered to lay off to appellee forty acres thereof; but he refused to accept less than the entire boundary, as shown by the report of survey, made under order of court, and by the commissioner's deed.

Though the survey made at the instance of appellants is somewhat imperfect, and the evidence of the surveyor in this case does not make it entirely satisfactory that there is as much as one hundred and twenty-eight acres in the lot, which would make an excess of eighty-eight acres, we are convinced that appellant has gotten nearly three times as much land as the report of the surveyor showed there was in the tract, and as appellants were led to believe at the time of the sale there was.

In our opinion it does not make any difference whether the lot was sold by the acre or in gross. It is clear that it was sold under a mistake by appellants, as well as by the surveyor who reported to court, as to the quantity contained in the boundary, for it is preposterous to suppose that appellants would have knowingly consented to a sale of the lot as containing forty acres only, when it contained in fact nearly one hundred and twenty-eight.

vol. 83.—40

The mistake is so gross and palpable that the· Chancellor would not hesitate to grant relief, if it had been a private sale; for, in the language of this· court, the excess of land is beyond the range of ordinary contingency; in fact, relief has been granted where the excess has been very much less than appears in this case.

If grounds exist which would authorize the interposition of a court of equity in case of a private· sale, we perceive no sufficient reason for withholding relief, because the mistake occurred and the· unconscientious advantage was obtained by appellee· at a judicial sale.

The case of Dawson v. Goodwin, 15 B. M., 439, was where Goodwin purchased at a decretal sale a tract of land estimated and sold as containing one hundred and sixty-seven acres, which was afterwards ascertained to contain one hundred and ninety-eight acres. The sale was made to satisfy liens which Goodwin and Dawson each held on the land; but the proceeds being sufficient to satisfy the one of the former, which was superior, the latter brought an action to subject the surplus to satisfy his debt, or the remainder of it not satisfied by the first sale. The land was purchased as a tract containing one· hundred and sixty-seven acres, which the title papers· showed to be the quantity, and was purchased in gross and not by the acre. Nevertheless, this court. held the surplus of only twenty-nine acres subject, saying: "We are not able to perceive any good reason why a sale made as this was at public auction, by a commissioner of court under a decree, should

make a difference in the rights of the parties to indemnity for an innocent mistake in regard to quantity.    If there be a surplus sufficiently large to call for the interposition of the Chancellor in a private sale, we think his aid should be equally extended to the injured party in case of a public sale made by his order.''

And in the case of Cosby v. Wickliffe, 12 B. M., 202, it was held that the Chancellor had the right in another action to correct a mistake made in the report of a commissioner as to the quantity of the debtor's interest in land sold under a decree in a former action.

We do not think that it at all violates the rule adopted for securing certainty and stability in judicial sales of land, to afford relief in a subsequent action from fraud or mistake occurring in such sales.    In fact, such sales derive their sanctity from their supposed fairness and regularity, and it is just as important and obligatory upon the Chancellor to afford relief against fraud or mistake committed in them, when wrong and injury has been done, as it is in case of private sales.

In this case it seems all the debts against the estate of the decedent have been paid, and appellants as heirs-at-law are entitled to the surplus of land.

The lower court ought to have rendered judgment giving to appellee the right to elect on which side of the tract he will have forty acres laid off, or to take the whole tract, paying at the rate of two dollars per acre for the excess, and with a view to

ascertain the· quantity of excess, an· accurate survey should, if necessary, be made.

·The judgment is reversed, and cause remanded for proceedings consistent with this opinion.